UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KARL ROGERS, et al.,

    Plaintiffs

v.

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES, et al.,

    Defendants

CIVIL NO. JKB-19-3090

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff James Jardina filed a motion to consolidate this case with *Jardina v. Department of Public Safety and Correctional Services, et al.*, Civ. No. JKB-16-1255 ("*Jardina*"). Defendants in *Jardina*, Warden Richard J. Graham, Jr., and former Assistant Warden Denise Gelsinger (collectively, "*Jardina* Defendants"), opposed this motion, and the matter is fully briefed. No hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, this Court entered an order granting Plaintiff's motion to consolidate. (ECF No. 137.)[1]

### I. *Factual and Procedural Background*

The procedural history and facts are set forth in the Court's prior Memorandum Opinions (ECF Nos. 51, 93, 104) and are incorporated by reference and repeated as necessary to provide context and to resolve the pending motion.

Plaintiff filed his complaint in *Jardina* on April 27, 2016. (ECF No. 1.) On March 3, 2017, the Court granted the then-defendants' Motion to Dismiss or, in the Alternative, for Summary

---

[1] Unless otherwise specified, ECF citations refer to the *Jardina* docket.

1

Judgment. (ECF No. 52.) Plaintiff appealed this ruling to the United States Court of Appeals for the Fourth Circuit. (ECF No. 53.) On August 23, 2017, the Fourth Circuit dismissed the appeal and remanded the case for Plaintiff to file an amended complaint, stating that because this Court had identified a deficiency that Plaintiff may remedy by filing an amended complaint, the order Plaintiff was appealing was neither a final order nor an appealable interlocutory collateral order. *Jardina v. Dep't of Pub. Safety & Corr. Servs., et al.*, 696 F. App'x 130, 131–32 (4th Cir. 2017) (per curiam) (citing *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623–24 (4th Cir. 2015)).

Plaintiff filed an Amended Complaint on December 27, 2017. (ECF No. 65.) In the Amended Complaint, Plaintiff asserted claims against several individuals, including Graham and Gelsinger. (*Id.*) The Court later granted Plaintiff's Motion to Withdraw his claims against the other defendants, leaving Graham and Gelsinger as the only remaining defendants. (ECF No. 79.)

After Plaintiff filed the Amended Complaint, Defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. (ECF No. 80.) On December 18, 2018, the Court granted in part and denied in part Defendants' Motion for Summary Judgment, with leave to renew the Motion for Summary Judgment. (ECF No. 94.) Defendants filed a Motion to Renew Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on February 13, 2019. (ECF No. 98.) This Court granted in part and denied in part that motion. (ECF No. 105.)

As a result of the Court's decisions, the remaining claims in *Jardina* concern three alleged failures to accommodate Plaintiff's disability while he was an inmate at Western Correction Institute ("WCI") in violation of Title II of the ADA, 42 U.S.C. § 12131, *et seq*. (ECF No. 104.) First, Plaintiff alleges that he was denied the opportunity to take a shower like other non-disabled inmates because he had to wait for custody staff to escort him to the handicap shower. (ECF Nos.

65 at 2; 85-1 ¶ 6.) Second, Plaintiff alleges that he was denied access to a walker while he was on administrative segregation. (ECF Nos. 65 at 3; 102 at 9.) Third, Plaintiff claims he was not provided meaningful access to prison programs, benefits, and services. (ECF No. 65 at 3.)

On July 31, 2019, counsel for both parties requested referral to a magistrate judge for a settlement conference prior to the start of discovery. (ECF No. 119.) A settlement conference was set for October 24, 2019 in front of Judge Coulson. (ECF No. 122.)

On August 30, 2019, Plaintiff and five other individuals ("*Rogers* Plaintiffs") filed an action in the Circuit Court for Baltimore City alleging systemic violations of disabled prisoners' rights ("*Rogers*"). (ECF No. 132, Ex. A.) Graham is listed as a defendant in that case, as are seven other individuals and the Maryland Department of Public Safety and Correctional Services. (*Id.* at 1–2.) Gelsinger is not listed as a defendant. In *Rogers*, Plaintiff alleges that "WCI is almost entirely inaccessible to a wheelchair-bound individual." (*Id.* ¶ 58.) His specific allegations include claims that he lacked privacy while showering in the handicapped shower stall and was denied access to prison programs as a result of his disability. (*Id.* ¶¶ 62, 64.)

On October 1, 2019, the *Jardina* Defendants asked this Court to stay *Jardina* pending the conclusion of *Rogers*. (ECF No. 123.) On October 3, 2019, the *Jardina* Defendants asked Judge Coulson to cancel the scheduled settlement conference because their counsel no longer had settlement authority in light of *Rogers*. (ECF No. 124.) The settlement conference was subsequently cancelled (ECF No. 126), and this Court entered an order staying the case for 90 days (ECF No. 129.)

On October 23, 2019, *Rogers* was removed to this court and the case was assigned to Judge Hollander. On January 14, 2020, Judge Hollander transferred *Rogers* to the undersigned in light of the "overlapping factual and legal issues" with *Jardina*. (*Rogers* ECF No. 22.)

## II. Standard for Consolidation

Federal Rule of Civil Procedure 42(a) permits, but does not mandate, consolidation of cases that involve a common question of law or fact. "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933); *Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 168 (4th Cir. 2001). If a common question of law or fact exists, then the district court must "weigh the saving of time and effort that consolidation under Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause for the litigants and the trial judge." 9A C. Wright & A. Miller, Federal Practice & Procedure § 2383 (3d ed.). As the Fourth Circuit has explained:

> The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *on reh'g*, 712 F.2d 899 (4th Cir. 1983). Ultimately, the decision whether to consolidate two cases lies within the "broad discretion" of the district court. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co.*, 559 F.2d 928, 933 (4th Cir. 1977).

*III.    Analysis*

The threshold consideration in deciding if cases should be consolidated is whether different cases present a common question of either fact or law. Fed. R. Civ. P. 42(a). Both parties agree that the claims at issue in *Jardina* with respect to Graham are encompassed by the claims alleged in *Rodgers*. (ECF Nos. 123, 132.) In the *Jardina* Defendants' Motion to Stay, they explained that *Rodgers* includes "numerous allegations which are identical to the allegations in [*Jardina*]." (ECF No. 123 at 2.) In their letter to Judge Coulson requesting cancellation of the settlement conference, the *Jardina* Defendants explained that Plaintiff's claims in *Rogers* "allege[] all of the same ADA violations encapsulated within . . . this current action." (ECF No. 124.) Because there are common questions of fact and law in these two cases, consolidation would eliminate the risk of inconsistent adjudication. Having established that there is no dispute between the parties regarding whether the claims at issue in both cases overlap, the Court turns to the *Jardina* Defendants' arguments against consolidation.

First, the *Jardina* Defendants argue that consolidation of *Jardina* with *Rodgers* would cause considerable delays for the *Jardina* Defendants because *Rodgers* is only in the beginning stages of litigation, while *Jardina* has been pending for over three years. (ECF No. 133 at 3.) As a preliminary matter, the *Jardina* Defendants previously requested that this Court stay the entire *Jardina* proceeding until after the conclusion of *Rogers*. (ECF No. 123 at 2.) The *Jardina* Defendants offer no explanation for why they now oppose any potential delay which could occur as a result of consolidation. Even accepting their argument, despite the length of time in which *Jardina* has been pending, these cases are at much closer stages in the litigation process than their filing dates might indicate. Discovery has not taken place in either case. The parties in *Rogers* are currently briefing on motions to dismiss (*Rogers* ECF No. 19), and no discovery schedule has

even been set in *Jardina* because the parties requested a settlement conference prior to the start of discovery, which the *Jardina* Defendants then cancelled (ECF Nos. 119, 124). Therefore, though consolidation may cause some delays to the parties in *Jardina*, the cases are not at such different stages that the efficiency benefits of consolidation are outweighed by potential delays.

In fact, because neither case has entered discovery, consolidation provides an opportunity for substantial time and cost savings by reducing the need for duplicitous discovery. In this way, consolidation offers the potential for "substantial savings of time and money." *Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 76 (4th Cir. 2018). In *Campbell*, the Fourth Circuit explained the benefits of consolidation:

> Both plaintiffs and defendants benefit from lessened litigation costs and the reduced need for expert testimony. Witnesses benefit from reduced demands on their time by limiting the need for them to provide repetitive testimony. The community as a whole benefits from reduced demands on its resources, including reduced demand for jurors. The judicial system benefits from the freedom consolidation affords judges to conscientiously resolve other pending cases.

*Id.* Here, because the claims against Graham in *Jardina* are encompassed within the claims presented in *Rodgers*, the same discovery materials would need to be exchanged and reviewed in each case, causing a multiplicity of efforts and an increase in costs to the parties. To the extent these claims include Gelsinger, she would likely be required to testify in *Rogers* as a witness even if these cases were to remain separate. In addition, if these cases were to proceed separately, this Court would be required to expend substantial time and resources managing two separate cases, when it could significantly reduce that burden by consolidating these actions.

The *Jardina* Defendants also argue that the "potential confusion resulting from multiple plaintiffs, various defendants and divergent times of the occurrences militate against consolidation." (ECF No. 133 at 3.) To the extent that the *Jardina* Defendants argue the additional charges and individuals will cause confusion to the jury, the Court sees no reason—and Defendants offer none—why jury instructions cannot correct for any potential confusion or prejudice. *See, e.g., Campbell*, 882 F.3d at 74–75 (affirming consolidation of cases where jury instructions were adequate safeguard against juror confusion or prejudice). The *Jardina* Defendants have failed to explain why the parties and claims at issue in *Rogers* are so unusually confusing or prejudicial that standard jury instructions would be insufficient to protect against prejudice and confusion.

## IV. Conclusion

After determining that common questions of fact and law exist and having weighed the considerations of potential delay, prejudice, and juror confusion against those of efficiency, judicial economy, and consistency, *Arnold*, 681 F.2d at 193, the Court finds that the balance of factors weighs in favor of consolidation. Accordingly, the Court has entered an order granting Plaintiff's motion to consolidate.

DATED this 20 day of January, 2020.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge